

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-4985
Re: Under the facts submitted may the
appointed County Treasurer of Nav-
arro County accept the salary of
$1.00 a year as set by the Commis-
sioners' Court, and related ques-
tions?

Your letter of recent date requesting the opinion of
this department on the questions stated therein reads in part
as follows:

"We have a very unusual situation that is
about to develope in the office of the County
Treasurer, which is as follows:

"The duly elected County Treasurer is going
to take the oath of office on January 1st, 1943
and then immediately resign. My understanding of
the law is that this office being vacated, it be-
comes the duty of the Commissioners Court to fill
this vacancy. They plan to appoint some one who
will be willing to serve for $1.00 per. This of-
fice has been paying a salary of $1,200.00 per
year. The commissioners Court plan on applying
this $1,199.00 on a donation they expect to make
toward the operation of a City-County Health unit
which is to start operation January 1st, 1943.

"I would appreciate very much your giving me
a ruling on the following questions:

"May the appointed County Treasurer accept the
salary of $1.00 per year as set by the Commission-
ers Court, May the Commissioners legally apply
this $1,199.00 toward their donation for the opera-
tion of this health unit? Or can the appointed
County Treasurer accept the salry of $1,200.00
per year and then make this donation to the unit

directly, or should they turn the $1,199.00 back
to the County and then let the County in turn ap-
ply these funds toward the City-County Health unit
as a part of their budget obligation toward this
unit, and would the Commissioners Court have the
authority to so apply these funds when turned back
to the County by the County Treasurer?

"If the County Treasurer may serve for a fee
of $1.00 per year then may this office receive com-
missions from the various funds, not to exceed the
$2,000.00 per year, for operating expense of the
office of the County Treasurer?

"  .  .  .  .  .  .  ."

Navarro County has a population of 51,308 inhabitants
according to the 1940 Federal Census.

Section 13, Article 3912e, Vernon's Annotated Civil
Statutes, reads in part as follows:

"The Commissioners' Court in counties having
a population of twenty thousand (20,000) inhabi-
tants or more, and less than one hundred and ninety
thousand (190,000) inhabitants according to the last
preceding Federal Census, is hereby authorized and
it shall be its duty to fix the salaries of all the
following named officers, to-wit: . . . treasurer
. . . Each of said officers shall be paid in money
an annual salary in twelve (12) equal installments
of not less than the total sum earned as compensa-
tion by him in his official capacity for the fiscal
year 1935, and not more than the maximum amount al-
lowed such officer under laws existing on August
24, 1935; . . . ."

You do not state in your letter the amount the County
Treasurer earned in his official capacity for the fiscal year
1935. However, the Commissioners' Court of Navarro County has
no legal authority or right to fix the salary of the County
Treasurer at any sum or amount less than the total sum earned
as compensation by him in his official capacity for the fiscal
year 1935, and not more than the maximum amount allowed such
officer under laws existing on August 24, 1935.

In the case of Williams v. Cass County, 147 S.W. (2)
588 in construing Section 13 of Article 3912e, supra, the court
said:

"... Section 13 of said legislative act
is applicable to Cass County, and authorizes the
Commissioners' Court to fix the salaries of the
county officers, including that of the treasurer,
at a sum not less than the 'total sum earned as
compensation by him in his official capacity for
the fiscal year 1935.' ...."

In the case of Nacogdoches County v. Jinkins, 140 S.W.
(2) 901 construing Section 13 of Article 3912e, supra, it was
stated in part:

"... The terms of the statute authorizing
the Commissioners' Court to fix the salary at any
sum not less than a certain minimum and not more
than a certain maximum, were mandatory and could
not be ignored by the members of the court at
their discretion. The order fixing appellee's
salary at $2,750 was without authority and void.

"...." (Also see the case of Nacogdoches
County v. Winder, 140 S.W. (2) 972 construing
Section 13 of Article 3912e).

In view of the foregoing you are respectfully advised
that the Commissioners' Court has no legal authority to fix
the annual salary of the County Treasurer at the sum of $1.00
per year. You are further advised that the office of the
County Treasurer cannot receive commissions from the various
funds in any amount for operating expenses of the office.
There is no statutory or constitutional provision authorizing
such procedure.

Article 4436a-1, Vernon's Annotated Civil Statutes, au-
thorizes the Commissioners' Court of any county in this State
containing an incorporated city having a population of not less
than 90,000 inhabitants and not more than 120,000 inhabitants,
as shown by the last preceding Federal Census, and the City
Council of such city to cooperate in forming a city-county
health unit and combine the health units of each political sub-
division for such purpose, and appropriate funds to the com-
bined health unit in such proportion as may be agreed to be-
tween said Commissioners' Court and said City Council. This
statute also authorizes the Commissioners' Court and City
Council after having determined by resolution and joint action
of the court and the City Council that it is to the best in-
terest of the county and the city to cooperate with one or
more counties having a population of not more than 15,000 in-
habitants in the operation of a health unit, to cooperate with
such county or counties under such arrangement as may be en-

tered into between the City Council and the Commissioners' Court of said city-county health unit and the Commissioners' Court of said county or counties. Any county having a population of not more than 15,000 inhabitants which desire to cooperate with any city-county health unit created under the terms of the Act, may, through action of its Commissioners' Court, cooperate with said city-county health unit as provided in the Act.

As Navarro County has no city having the population designated in the statuto and as said county has more than 15,000 inhabitants according to the last preceding Federal Census the statute (Article 4436a-1) is not applicable to Navarro County.

Article 4434, Vernon's Annotated Civil Statutes, provides:

"The municipal authorities of towns and cities, and commissioners courts of the counties wherein such towns and cities are situated, may co-operate with each other in making such improvements connected with said towns, cities and counties as said authorities and courts may deem necessary to improve the public health and to promote efficient sanitary regulations; and, by mutual arrangement, they may provide for the construction of said improvements and the payment therefor."

It will be noted that this statute does not authorize a city and county to cooperate in forming a city-county health unit as authorized by Article 4436a-1.

Article 4492, Vernon's Annotated Civil Statutes provides:

"Any commissioners court may co-operate with and join the proper authorities of any city having a population of ten thousand persons or more in the establishment, building, equipment and maintenance of a hospital in said city, and to appropriate such funds as may be determined by said court, after joint conference with the authorities of such city or town, and the management of such hospital shall be under the joint control of such court and city authorities."

As we understand your request, the question of the county and city cooperating in the establishment, building, equipment and maintenance of a hospital is not presented.

In view of the foregoing you are advised that cities and towns may cooperate to improve the public health and to promote efficient sanitary regulations as authorized by Article 4434, supra, and to establish, build, equip and maintain a hospital as provided by Article 4492, supra, but that Navarro County has no authority to cooperate with the City of Corsicana to establish and maintain a city-county health unit under Article 4436a-1, or any other statute we have been able to find.

For the purposes of this opinion we do not think it necessary to discuss the proposition as to what the County Treasurer may do with his salary after he has earned and received the same.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:mp:wc

APPROVED Jan 12, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By_s/BWB_Chairman